

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion Number O-3513
Re: Authority of Commission-
ers' Court to receive rental
for the use of road and bridge
machinery from the proceeds of
bonds chargeable against the
permanent improvement fund.

We acknowledge receipt of your letter of March 6,
as well as that from the County Attorney, Mr. Fred Erisman,
in which our opinion is requested on the following question:

"Will you please give me your opinion as to
whether or not county commissioners can legally
place road and bridge mechanized equipment at
the disposal of the County Engineers and WPA
authorities in the construction of the county
airport, and receive in payment therefor the
rental permitted by WPA schedules and paid out
of the county airport bond issue funds?"

The facts, briefly stated, are as follows:

Gregg County voted a bond issue for the purpose of
constructing an airport, such construction was to be done
pursuant to a WPA grant and under the direction of the county
and WPA officials.

As a part of the county's participation in this project the county is to furnish certain tractors, graders and other mechanical equipment.

Rather than rent this particular equipment from outside individuals the county commissioners propose to take available county equipment bought with the money from the road and bridge fund now used for road maintenance and construction and place it on the airport project.

It is further proposed that the equipment taken from the county road and bridge work and used on the airport should be paid for out of the airport bond issue fund, and such money so derived placed to the credit of the road and bridge fund.

We think that unquestionably the proceeds of the bonds can be used for purposes necessarily incident to the construction of the airport, the purpose for which the bonds were authorized and sold. Manifestly then, if machinery of the type owned by the county is determined to be essential to the completion of the project, its rental or purchase would be a legal objective for which the funds could be expended.

The use of a county's road machinery for this work would undoubtedly result in some depreciation by wear and tear, which loss must eventually be borne by the road and bridge fund, out of which fund alone such machinery can be purchased. The payment of rental for its use must be considered a fair compensation for such wear and tear as would result from the machinery's use for this purpose, and the payment of money from the bond proceeds for its rental would not, in our opinion, operate as a transfer of constitutional funds violative of Section 9, Article 8, of the Constitution, as construed in Carroll v. Williams, 202 S. W. 504.

While, as pointed out in our Opinion Number O-2034, (a copy of which is enclosed) the Commissioners' Court is without authority to lease or hire out county road machinery to a contractor who has taken a contract to build a road within the county, in the instant case, the county itself is "joint contractor" with the WPA for the construction of the airport and

Honorable R. S. Wyche, page #3

the same inhibition should not here lie. This does not appear to be a rental or hiring out in the sense contemplated in Opinion Number O-2034, supra.

It occurs to us that the money to be received for the use of the machinery must be considered a reimbursement to the road and bridge fund for such loss as may be occasioned by reason of depreciation through use of such machinery for a purpose not chargeable to said fund.

Therefore, we are of the opinion that the road and bridge fund may be compensated for the use of road machinery in the construction of an airport. We believe this construction of your problem to be in harmony with the decision in Carroll v. Williams, supra.

Trusting that the foregoing satisfactorily answers your inquiry, we are

APPROVED MAY 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN